IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

   v.                                                      No. 19-CR-401 WJ

THOMAS ABEYTA,

   Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' OPPOSED MOTION TO COMPEL DNA SAMPLE**

THIS MATTER IS BEFORE THE COURT on the Government's Motion to Compel DNA Sample. (**Doc. 69**). Though Defendant apparently opposes the Motion, he declined to file a written response. (*See* Doc. 70). Having reviewed the Motion and considered the applicable law, the Court finds that it is well taken and therefore **GRANTED**.

**BACKGROUND**

Defendant is charged with aggravated sexual abuse in Indian Country. (Doc. 1). According to the Criminal Complaint, Defendant sexually assaulted his estranged wife by forcibly penetrating her vagina and anus without her consent. (*Id.* at 4–5). The victim, Jane Doe, underwent a sexual assault exam, which included the collection of a sexual assault evidence kit. As part of the kit, swabs were taken from Doe's genital and anal areas. Defendant allegedly admitted to having intercourse with Doe, but stated that all he had done was "slap her around a little bit." (*Id.* at 7). A grand jury returned an indictment against Defendant and, after a detention hearing, Defendant was remanded into the custody of the United States Marshal Service.

## DISCUSSION

Title 34, Section 40702 of the United States Code provides that, "The Attorney General may . . . collect DNA samples from individuals who are arrested, facing charges, or convicted or from non-United States persons who are detained under the authority of the United States." Additionally, 28 C.F.R. § 28.12(b) provides that "[a]ny agency of the United States that arrests or detains individuals or supervises individuals facing charges *shall* collect DNA samples from individuals who are arrested, facing charges, or convicted, and from non-United States persons who are detained under the authority of the United States." (emphasis added). Neither the statute nor the regulation contain any evidentiary prerequisites to DNA collection, and the United States Supreme Court has upheld routine collection of DNA upon arrest. *See Maryland v. King*, 569 U.S. 435 (2013).

As a threshold matter, the Court notes that Defendant declined to file a written response in opposition to the Government's motion. (*See* Doc. 70). However, the Government explains that the nature of Defendant's opposition is not to the authority of the United States to obtain a DNA sample, but rather a pragmatic challenge that no DNA should be collected unless and until the Government can show that there is DNA from the victim's sexual assault exam from which to compare Defendant's DNA. (Doc. 69, ¶ 7).

The Court is not persuaded. 34 U.S.C. § 40702, the statute which permits DNA collection, does not contain a requirement for the kind preliminary showing Defendant suggests. Nor does the Court's own research reveal such a requirement. Accordingly, the Court concludes that Defendant's objection is without merit. Defendant is a person who has been arrested and is facing charges under the authority of the United States. *See* 34 U.S.C. § 40702(a)(1)(A). It appears that under the plain language of the statute, a DNA sample may be compelled in any case, even if there

is no evidence at all the DNA will be at issue.  Therefore, by federal statute, Defendant may be compelled to give a DNA sample.

What is more, the Court notes that, in a wholly unrequired exercise, the Government has taken it upon itself to show that DNA *will* in fact very likely be at issue in this case.  (*See* Doc. 69-1).  Medical records from the victim's sexual assault exam show that discharge consistent with semen was found during the exam.  Therefore, the Government argues, "it is reasonably likely that the [sexual assault exam] kit will yield testable DNA with which to compare [Defendant's DNA]." (*See id.* (*citing United States v. Sedillo*, 297 F. Supp. 3d 1155, 1184 (D.N.M. 2017)).  Although the Court is not convinced this showing is required, it finds that the Government has made an evidentiary showing that there will likely be a DNA sample against which to test Defendant's.  As such, the Court concludes that Defendant's DNA sample is necessary here, and the Government has a legitimate interest which overrides any marginal intrusion into Defendant's privacy interest. *United States v. Lovato*, No. 18-cr-064-WJM, 2018 U.S. Dist. LEXIS 73904 (D. Colo. Apr. 30, 2018) (citing *Maryland v. King*, 569 U.S. at 446).

## CONCLUSION

Defendant's opposition to the Government's request to compel a DNA sample is meritless.  The Government's Motion (**Doc. 69**) is **GRANTED**.  Defendant is **ORDERED** to cooperate in the collection of his DNA sample and the United States Marshal Service is hereby **AUTHORIZED** to collect such a sample.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE