IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             NO. 19-CR-0401 WJ

THOMAS ABEYTA,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S UNOPPOSED MOTION IN LIMINE FOR A *LAFLER-FRYE* HEARING

THIS MATTER comes before the Court upon the Government's Unopposed Motion in Limine for a *Lafler-Frye* Hearing, filed April 21, 2021 (Doc. 88) (the "Motion"). Having reviewed the parties' briefing and the applicable law, the Court finds that the Government's motion is well-taken and should be granted subject to the procedural considerations described below.

## BACKGROUND

Defendant Thomas Abeyta is charged with aggravated sexual abuse in Indian Country in violation of 18 U.S.C. §§ 1153, 2241(a)(1), and 2246(2)(A). Doc. 1. On April 8, 2019, when Defendant was somewhat amenable to communicating with counsel and the Court, the Court committed Defendant to the custody of the Attorney General to have his competency evaluated. Doc. 15. The evaluator, Dr. Miriam Kissin, the forensic psychologist of FMC Devens, ultimately found Defendant competent to stand trial. Doc. 18 at 10. However, since the evaluation, Defendant has refused entirely to communicate with his appointed counsel and the Court, taking the right to remain silent to levels the Court has not before seen. *See* Docs. 45 at 1-2, 48, 53, 68 at 4-7. 88 at 1, ¶ 1. On August 5, 2020, the United States extended a plea offer to Defense Counsel, and Defense

1

Counsel communicated the contents of the offer to Defendant, but Defendant has refused to acknowledge the plea offer. *See* Doc. 88 at 1, ¶ 1. Jury Selection and Trial is set for June 21, 2021.

On April 21, 2021, the Government filed the subject Motion asking the Court to compel Defendant to answer questions on the record about whether Defendant received information from his attorney about the plea agreement extended by the Government. Doc. 88. The request is made under *Lafler v. Cooper*, 566 U.S. 156 (2012) and *Missouri v. Frye*, 566 U.S. 134 (2012), in which the Supreme Court held that defendants are entitled to the Sixth Amendment right of effective counsel in the pre-trial plea bargaining context, applying the standard in *Strickland v. Washington,* 466 U.S. 668 (1984). The Government submits with the Motion a proposed colloquy, which it requests the Court read to Defendant during a hearing on the matter to create a record for any subsequent post-conviction petitions for relief. Doc. 88 at 1-2, ¶¶ 2-3. The Motion and the proposed hearing are unopposed. *Id*. at 3, ¶ 4.

## DISCUSSION

This Court has addressed a similar motion by the Government in another case in which it examined the available legal authorities on this issue. *See U.S. v. Morgan,* 294 F. Supp. 3d 1218 (D. N.M. Mar. 7, 2018). In *Morgan*, the Court found that *Frye* provided this Court with discretion to conduct a pretrial colloquy for the purpose of creating a record of the formal plea offer but acknowledged the existence of a "number of authorities that restrict the role of the Court during such an inquiry."[1] *Id.* at 1221-22. After an examination of these legal authorities, the Court concluded that a "carefully constructed colloquy should not offend them." *Id.* at 1222.[2]

---

[1] In *Morgan*, the Court also discussed memorializing the *terms* of the plea agreement on the record. Here, the Government makes no such request, and in fact, expressly declines to do so in the proposed colloquy. Doc. 88 at 2-3, ¶ 3 ("Do not tell me the terms of any plea offer made by the government.").

[2] Counsel are directed to the *Morgan* decision for a more detailed analysis on these issues, including a consideration of whether questions pertaining to a defendant's confirmation of receiving a plea offer implicates the Fifth Amendment. *Id*. at 1224-25.

The Court finds here that a hearing on the matter is necessary, as Defendant has refused to communicate with counsel or offer the Court any responsive positions as to the subject litigation. In this context, the Court finds that *Frye*, rather than *Lafler*, should direct the proceedings.[3] This is the same finding the Court made in *Morgan*. *See* 294 F. Supp. 3d at 1221, n.3 ("The Court notes from the outset that the principles announced in *Frye* more accurately direct this analysis because of the chronological and procedural posture of the case.").

Thus, *Frye* authorizes this Court to conduct the inquiry requested by the Government and describes what the scope of such an inquiry may be. This Court found in *Morgan*:

> [A] limited degree of inquiry is proper under the *Frye* standard and aligns with other district courts that have conducted the same type of hearing. [*U.S. v. Pirk,* 236 F.Supp.3d 796, 801 (W.D.N.Y. 2017)] ("To force the disclosure of any further details regarding plea discussions between defense counsel and his client—other than the fact that they had occurred[—]would in the Court's view unreasonably invade the sanctity of the attorney-client relationship."); *United States v. Slane*, No. 11-81, 2015 U.S. Dist. LEXIS 19867, at *60 n.14 (W.D. Pa. Feb. 19, 2015) ("[T]he Court is careful to elicit only factual information from the parties and the defendant rather than soliciting *any* advice provided by defense counsel to the defendant and protected by the attorney-client privilege.")
>
> *Id*. at 1224 (emphasis added).

Having set out the parameters the Court must regard as to avoid overly involving itself with the plea-bargaining process,[4] the Court now turns to whether the Government's proposed language conforms to such parameters.

---

[3] In determining which case should inform the Court's analysis here, the Court notes that both cases involve post-conviction petitions. *Frye* turned on whether an attorney fell below the standard in *Strickland* when the attorney *failed* to communicate an offer that subsequently lapsed. 566 U.S. at 139. *Lafler,* on the other hand, concerned a defendant who *received* information about the terms of the Government's plea offer *but rejected it* on advice of counsel. 566 U.S. at 160. Thus, because a *Lafler* hearing would necessarily require an inquiry into the *reason* Defendant rejected a plea offer—since *Lafler* involved a situation where the defendant rejected a plea based on his counsel's deficient advice—the Court finds that *Frye* is more informative on the case.

[4] Federal Rule of Criminal Procedure 11(c)(1) prohibits the Court from participating in plea negotiations. Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions.").

**The Government proposes the following colloquy:**

I am informed that the government made you a plea offer.

Do not tell me about the content of any discussion between you and your counsel. Do not tell me the terms of any plea offer made by the government. This Court is not involved in any plea negotiations, and states no opinion regarding your decision to plead guilty or proceed to trial. I simply request a yes or no answer to the following:

First, did you discuss with your attorney the plea offer made by the government?

Second, are you satisfied that you have had a full and complete opportunity to discuss the plea offer with your attorney?

Did you receive and did you read a letter from your attorney in which you were informed of the government's plea offer?

Did your attorney ask you in the letter for your response and how you wished to proceed regarding the Government's plea offer?

Were you informed that a telephone call with your attorney was scheduled for February 22, 2021?

Did you attend the telephone call appointment?

Did the detention facility ever inform you of other appointments and telephone calls with your attorney?

Did you ever attend any of those appointments?

Have you ever made any attempt to contact your attorney, whether by telephone call, letter, by requesting an appointment through the detention facility, or by some other means?

Doc. 88 at 2-3, ¶ 3.

The Court is satisfied that this proposed colloquy is aimed only at ascertaining whether defense counsel has presented the terms of the Government's plea offer to Defendant, and not the substance of any advice counsel may have given to Defendant as to the offer or the reasoning behind Defendant's refusal to accept or even acknowledge the offer. *See United States v. Braxton*, 784 F.3d 240, 247 (4th Cir. 2015) ("Nor, … does *Frye* require a district court to satisfy itself of

the intelligence of a defendant's decision to exercise his right to trial instead of accepting a plea offer."). The Court finds this limited degree of inquiry proper under the *Frye* standard and consistent with other district courts that have conducted the same type of hearing. *See United States v. Pirk*, 236 F. Supp. 3d 796, 801 (W.D.N.Y. 2017) ("To force the disclosure of any further details regarding plea discussions between defense counsel and his client—other than the fact that they had occurred[—]would in the Court's view unreasonably invade the sanctity of the attorney-client relationship."); *United States v. Slane*, No. 11-81, 2015 U.S. Dist. LEXIS 19867, at *60 n.14 (W.D. Pa. Feb. 19, 2015) ("[T]he Court is careful to elicit only factual information from the parties and the defendant rather than soliciting any advice provided by defense counsel to the defendant and protected by the attorney-client privilege.").

The Court is also satisfied that this inquiry will not invade Defendant's Fifth Amendment right to remain silent because answering such questions poses "no reasonable danger of incrimination." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 189 (2004).[5] Accordingly, the Court finds that a hearing consistent with the Motion is appropriate given the circumstance and warranted under the law.

As to the hearing itself, the Court noted above that under the traditional *Lafler-Frye* model, a trial judge does not get involved in the plea agreement. *See* Fed. R. Crim. P. 11(c)(1). Therefore, considering the unique posture of this case, the Court has decided to refer this matter to United States Magistrate Judge Steven C. Yarbrough to conduct a **sealed** *Lafler-Frye* hearing wherein

---

[5] The Supreme Court has concisely stated that "[t]o qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Hiibel*, 542 U.S. at 189 (citing *United States v. Hubbell*, 530 U.S. 27, 34–38 (2000)); *see also Kastigar v. United States*, 406 U.S. 441, 445 (1972)) (finding that there was no Fifth Amendment violation because the "refusal to disclose [a] name was not based on any articulated real and appreciable fear that his name would be used to incriminate him, or that it would furnish a link in the chain of evidence needed to prosecute him.") (internal quotations and citations omitted). The Court finds these questions will provide no "link in the chain of evidence" against Defendant.

5

Judge Yarbrough, if necessary, can explore in detail the particular aspects or terms of the offer extended to Defendant.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion and Order, the Court finds that a *Lafler-Frye* hearing to establish the fact that the Government's plea offer was communicated to Defendant is supported by the principles announced in *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012). Accordingly, the Government's Unopposed Motion in Limine for a *Lafler-Frye* Hearing is hereby **GRANTED**. The hearing is referred to Magistrate Judge Yarbrough for scheduling at his discretion.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE